IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01746-REB-MEH

GE PROLEC TRANSFORMERS, INC., a Delaware corporation,

     Plaintiff,

v.

NORTH AMERICAN SUBSTATION L.L.C., a Florida corporation,

     Defendant.

---

## ORDER ON MOTION FOR LEAVE TO AMEND

---

**Michael E. Hegarty, United States Magistrate Judge**.

     Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint [filed April 13, 2011; docket #32].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the matter has been referred to this Court for disposition [docket #33].  The matter is fully briefed, and the Court finds oral argument would not assist the Court in its consideration of this matter.  For the reasons that follow, the Court **grants** the Plaintiff's motion.

## BACKGROUND

     Plaintiff, GE Prolec Transformers, Inc. ("GE Prolec") initiated this lawsuit on July 22, 2010 alleging that Defendant North American Substation LLC ("NASS") was negligent, breached a service agreement, and breached implied warranties after NASS allegedly caused a gasket to fall into a generator transformer during its assembly, then failed to conduct an internal inspection during which it should have found and removed the gasket. GE Prolec alleges NASS's failures resulted in the transformer's subsequent destruction by explosion and fire.  Docket #1.  NASS responded to the Complaint on September 28, 2010 by filing an Answer essentially denying GE Prolec's allegations. Docket #10.  On October 25, 2010, this Court set a discovery schedule, which reflects that the

deadline for joinder of parties and amendment of pleadings in this case was December 1, 2010. *See* docket #18. No party has requested an extension of this deadline.

According to GE Prolec, the proposed First Amended Complaint adds a claim for False Representation under Colorado law, and its motion is based upon "testimony from recent depositions." Docket #32 at 1. GE Prolec contends that NASS "cannot complain that the motion is untimely or that it will be prejudiced if allowed" since "[d]iscovery in this case is ongoing and the deadline to complete discovery is not until June 30, 2011." *Id.* at 5-6. Moreover, GE Prolec asserts that its request to add the False Representation claim is supported by the record and is neither futile nor made in bad faith. *Id.* at 6-8.

NASS responds arguing that GE Prolec's request for amendment is unduly delayed pursuant to Fed. R. Civ. P. 15(a), and that GE Prolec has failed to demonstrate good cause to modify the deadline for amendment of pleadings, pursuant to Fed. R. Civ. P. 16(b), to a date more than four months later. *See* docket #35. NASS contends that GE Prolec became aware of the facts underlying the proposed amendment both well before it filed the original complaint in this matter through emails exchanged between GE Prolec and NASS officials in January 2009, and not long after the litigation commenced in November 2010 through NASS's initial disclosures. *Id.* at 3-4. NASS asserts that GE Prolec has provided "no adequate explanation for its moving to amend in April of 2011 when it was aware of the very same facts more than two years prior." *Id.* at 4.

GE Prolec counters that it has diligently pursued discovery in this case and has only learned the facts underlying certain requirements for a False Representation claim – knowledge of the falsity of the report, reliance and justification – through depositions taken in February and March 2011. *See* docket #39. GE Prolec argues that the email messages relied upon by NASS do not, alone, establish the requisites to support a False Representation claim under Colorado law. *Id.* at 5.

The Court will address each of the arguments made under Rule 15(a) and Rule 16(b) in turn.

**DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Because GE Prolec filed its motion after the deadline for amendment of pleadings, NASS is correct that granting GE Prolec's motion pursuant to Rule 15(a) would require a modification of the Scheduling Order. Thus, the Court employs a two-step analysis. First, the Court evaluates whether GE Prolec demonstrates good cause allowing modification of the Scheduling Order. Second, if GE Prolec shows good cause, it must also meet the requirements of Fed. R. Civ. P. 15(a).

**I.      Good Cause for Modification under Rule 16(b)**

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* In order to show good cause, GE Prolec "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Notably, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may

be excused if due to oversight, inadvertence or excusable neglect. *Id.* Additionally, learning information underlying the amendment through discovery that occurs after the deadline set forth in the Scheduling Order constitutes good cause to justify an extension of that deadline. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

The Court finds that GE Prolec has demonstrated good cause to modify the Scheduling Order in this case. First, although the parties did not object to the Court's setting the deadline for amendment of pleadings on December 1, 2010 (in accordance with Fed. R. Civ. P. 16(b)(3)(A)), just two days after the parties' initial disclosures were due, the Court agrees that it may be unreasonable in this instance to impose a two-day deadline within which to review disclosures and draft a motion and amended pleading. Thus, the Court rejects NASS's contention that GE Prolec should have met the December 1, 2010 deadline after receiving its disclosures submitted on November 29, 2010.

Moreover, NASS makes no argument that GE Prolec has been less than diligent in its pursuit of discovery in this case. Taking as true GE Prolec's statements concerning the dates on which discovery has been pursued in this case, the Court agrees that both parties' conduct in the discovery process has been reasonable. Therefore, the Court finds that the GE Prolec's discovery of information first learned through depositions taken in February and March 2011 demonstrates good cause to modify the deadline for amendment of pleadings. Thus, the deadline for amendment of pleadings in this case is extended to April 13, 2011, the date on which GE Prolec's motion was filed.

## II. Undue Delay

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir.2005); *Hayes v. Whitman,* 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether GE Prolec has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196,

4

1206 (10th Cir. 2006).   Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, NASS contends that GE Prolec knew of the facts underlying a False Representation claim through emails exchanged in January 2009 between officials of GE Prolec and NASS, well before the original complaint was filed in July 2010.   Specifically, an email from Mark Roberts, President & CEO of NASS, informed "Gerardo" of "GE Infra, Energy, Non-GE" that "[w]e never entered the unit do [sic] to safety concerns with the limited space inside and since everything was accessible via the manhole covers." *See* docket #35-1.   GE Prolec responds conceding that it knew NASS did not enter the transformer to conduct an internal inspection, but argues that this fact, together with the fact that NASS never alerted GE Prolec of its failure to enter the transformer prior to its failure and with its knowledge of the falsity of the inspection report were confirmed through deposition.   Further, GE Prolec asserts it first learned during the February and March 2011 depositions the following necessary elements of a False Representation claim: (1) it was likely NASS would have found the gasket if it had conducted the internal inspection (justification for reliance) and (2) Xcel relied on the inspection report before it energized the transformer, leading to the explosion.   Finally, GE Prolec argues NASS has cited no prejudice as a result of any timeliness issue.

The Court agrees with GE Prolec that there is no undue delay in adding the False Representation claim at this stage of the litigation.   While it is undisputed GE Prolec knew certain facts necessary to allege negligence and breach of contract claims – i.e., that NASS allegedly

dropped a gasket in the transformer, then failed to enter the transformer to conduct the required internal inspection – GE Prolec did not know all of the facts necessary to meet certain elements of a False Representation claim – i.e., reliance and justification – until it took the February and March 2011 depositions.

Moreover, the Court notes that there should be no prejudice to NASS with the addition of the False Representation claim. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at  at 1207 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). Here, the discovery deadline is June 30, 2011, more than one month hence. If NASS should require additional time to obtain discovery on the new claim, the Court will entertain a motion seeking a reasonable extension, considering the trial and trial preparation conference dates set by Judge Blackburn in this case.

## CONCLUSION

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182. Here, the Court finds that GE Prolec demonstrates good cause to modify the scheduling order, and its amendment is not unduly delayed so as to prejudice NASS. Accordingly, in the interests of justice and efficiency, the Court **grants** Plaintiff's Motion for Leave to File First Amended Complaint [filed April 13, 2011; docket #32]. The Clerk of the Court is directed to file the First Amended Complaint found at docket #32-5. NASS shall respond to the First Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado this 19th day of May, 2011.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge