IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01746-REB-MEH

GE PROLEC TRANSFORMERS, INC., a Delaware corporation,

    Plaintiff,

v.

NORTH AMERICAN SUBSTATION L.L.C., a Florida corporation,

    Defendant.

## ORDER ON MOTION TO STRIKE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Strike Defendant's Rule 26(a)(2) Rebuttal Expert Disclosure of Keith Ellis or in the Alternative Motion for Leave to Designate Sur-Rebuttal Expert [filed June 13, 2011; docket #49]. The matter is referred to this Court for disposition. (Docket #51.) The motion is briefed to the extent required by the Court, and oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court **grants in part and denies in part** Plaintiff's motion.

**I.**    **Background**

In this lawsuit, Plaintiff, GE Prolec Transformers, Inc. ("GE Prolec"), alleges that Defendant North American Substation LLC ("NASS") was negligent, breached a service agreement, breached implied warranties and made false representations after NASS allegedly caused a gasket to fall into a generator transformer during its assembly, then failed to conduct an internal inspection during which it should have found and removed the gasket. *See* docket #41. GE Prolec alleges NASS's failures resulted in the transformer's subsequent destruction by explosion and fire. *Id.* NASS responded to the Amended Complaint on June 1, 2011 by filing an Answer essentially denying GE

Prolec's allegations. *See* docket #42.

According to the parties, discovery has proceeded and the parties timely exchanged both initial and rebuttal expert disclosures. However, GE Prolec argues that on May 31, 2011, the deadline for rebuttal experts, NASS disclosed an expert report by Keith Ellis that does not rebut any of GE Prolec's experts' opinions but, rather, sets forth a defense theory unlike those already disclosed. GE Prolec contends that Mr. Ellis should have been designated as an initial expert and, thus, his report is untimely and should be stricken. In the alternative, GE Prolec seeks permission from the Court to submit a surrebuttal expert report in response to Mr. Ellis' report.

NASS counters that while Mr. Ellis may not refer to GE Prolec's experts' opinions in his report, his opinion does, in fact, rebut GE Prolec's theory of the cause of the transformer's explosion and, thus, Mr. Ellis is properly designated as a rebuttal expert and the report is timely. NASS argues that GE Prolec has suffered no prejudice, since Mr. Ellis' disclosure was made a month before the discovery cutoff, two months before the dispositive motions deadline and several months before trial. At the same time, NASS does not object to an order permitting GE Prolec to disclose a surrebuttal expert in response to Mr. Ellis' report.

Although given the opportunity to do so, GE Prolec did not file a reply brief in support of its motion within the time period allowed under D.C. Colo. LCivR 7.1C.

## II.     Analysis

GE Prolec brings its motion pursuant to Rule 37(c), which states in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The imposition of sanctions for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court." *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th

Cir.), *cert. denied*, 513 U.S. 1000 (1994). A district court abuses its discretion if the exclusion of testimony results in fundamental unfairness in the trial of the case. *Id.* (citing *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir. 1980)).

Fed. R. Civ. P. 26(a)(2)(B) requires in part that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them; . . .." If the expert testimony is intended solely to contradict or rebut evidence on the same subject matter identified by the opposing party pursuant to the rule, the evidence should be disclosed within thirty days after the other party's disclosure, absent a court order or stipulation. Fed. R. Civ. P. 26(a)(2)(D)(ii). Here, the governing Scheduling Order sets the deadline for rebuttal expert disclosures approximately forty-five (45) days after the initial expert disclosure date.

Nevertheless, the purpose of expert disclosures is "to eliminate surprise and provide opposing counsel with enough information ... to prepare efficiently for deposition, any pretrial motions and trial." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006). Here, it is undisputed that NASS disclosed its expert's opinions well before trial. *See ABB Air Prejeater, Inc. v. Regenerative Environmental Equipment Co., Inc.,* 167 F.R.D. 668, 672 (D.N.J. 1996) (denying motion to strike untimely rebuttal expert disclosure). Furthermore, no one disputes that NASS has complied fully with the disclosure requirements of Rule 26(a)(2)(B). Thus, the questions here are whether Mr. Ellis should have been designated as an initial expert and, if so, whether the Court should strike Mr. Ellis' opinion because it was disclosed late.

In this case, the Court finds it matters not whether Mr. Ellis is designated an "initial expert" because, even if his disclosure was late, there is no harm to GE Prolec. In coming to this conclusion, the Court finds guidance in the Tenth Circuit's opinion in *Jacobsen v. Deseret Book Co.,* 287 F.3d 936 (10th Cir. 2002). The *Jacobsen* court noted that "Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a)

if the violation is justified or harmless." *Id.* at 952. In determining whether a violation is harmless, a trial court must consider the following:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.* at 953.

Here, GE Prolec claims prejudice in that it is precluded from offering an expert opinion to rebut Ellis' report. Such prejudice is easily cured, however, by granting GE Prolec's alternative request to designate a surrebuttal expert. In this matter, the Court finds there is adequate time before the trial in November 2011 to allow GE Prolec to designate a surrebuttal expert without disrupting the trial. Further, the Court perceives no bad faith nor willfulness on the part of NASS in disclosing Mr. Ellis on May 31, 2011.

### III. Conclusion

For the reasons stated above, the Court finds that the disclosure of Keith Ellis as a rebuttal expert was harmless to GE Prolec. Accordingly, the Court **denies** Plaintiff's Motion to Strike Defendant's Rule 26(a)(2) Rebuttal Expert Disclosure of Keith Ellis, but **grants** Plaintiff's Alternative Motion for Leave to Designate Sur-Rebuttal Expert [filed June 13, 2011; docket #49].

Dated at Denver, Colorado, this 25th day of July, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge