IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01746-REB-MEH

GE PROLEC TRANSFORMERS, INC., a Delaware corporation,

    Plaintiff,

v.

NORTH AMERICAN SUBSTATION L.L.C., a Florida corporation,

    Defendant.

## ORDER ON MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant's Motion to Compel Discovery [filed June 29, 2011; docket #52]. The matter is referred to this Court for disposition. (Docket #53.) The motion is briefed to the extent required by the Court, and oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court **grants in part and denies in part** Defendant's motion.

**I.**    **Background**

    In this lawsuit, Plaintiff, GE Prolec Transformers, Inc. ("GE Prolec"), alleges that Defendant North American Substation LLC ("NASS") was negligent, breached a service agreement, breached implied warranties and made false representations after NASS allegedly caused a gasket to fall into a generator transformer during its assembly, then failed to conduct an internal inspection during which it should have found and removed the gasket. *See* docket #41. GE Prolec alleges NASS's failures resulted in the transformer's subsequent destruction by explosion and fire. *Id.* NASS responded to the Amended Complaint on June 1, 2011 by filing an Answer essentially denying GE Prolec's allegations. *See* docket #42.

    The discovery cutoff in this case was June 30, 2011. On June 29, 2011, NASS filed the

present motion arguing that GE Prolec has failed or refused to provide the identities of the installers for each of nine (9) prior failures or explosions of GE Prolec generators and/or transformers, as well as any documents related to those failures, in response to NASS' third set of written discovery requests. Motion at 2-4, docket #52. According to GE Prolec's responses to the discovery requests, GE Prolec objects that the identities of the installers are irrelevant, and that it did not have in its possession the requested documents concerning the nine failures. *Id.* at 4-5. NASS contends that the discovery is, in fact, relevant and likely to lead to the discovery of admissible evidence.

Although given the opportunity to do so, GE Prolec did not file a response in opposition to the motion within the time period allowed under D.C. Colo. LCivR 7.1C.[1]

**II.    Analysis**

Here, there is no question that GE Prolec has failed to respond in a timely manner to the Motion to Compel or to offer any explanation relating to NASS' allegations of its refusal to produce the requested information and documents. The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P. 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). Failure to raise an objection in the response to a motion to compel is deemed a waiver of that objection. *See Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 380 nn. 15-16 (D. Kan. 2005). "When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Sonninno v. Univ. of Kan. Hosp. Auth.,* 221 F.R.D. 661, 670-71 (D. Kan. 2004) (concluding that, "[b]y failing to address these types of objections in response to a motion to compel, a party fails to

---

[1]The motion was filed on June 29, 2011; thus, GE Prolec's response was due no later than July 25, 2011. GE Prolec has filed neither a response nor any request for extension of the deadline.

meet its burden to support its objections.").

Here, the Court finds that NASS' discovery requests appear to be facially reasonable. At the same time, the Court notes that NASS seems to request copies of documents that GE Prolec has asserted it does not possess. Therefore, the Court will order GE Prolec to produce to NASS, on or before August 10, 2011, the identities of the installers of the nine (9) failed transformers, as well as copies of any of the requested documents relating to the nine transformer failures (as set forth in RFP No. 27), but only to the extent that they have not been already produced and to the extent that GE Prolec retains such documents in its possession, custody or control. If GE Prolec does not have such documents in its possession, custody or control, it shall identify the entity that may possess such documents or the reason why the documents do not exist, to the extent that it has such information.

### III. Conclusion

GE Prolec has failed to file a response to the motion to compel and, thus, has waived its objections to NASS' Interrogatory No. 24 and RFP No. 27. Accordingly, the Court **grants in part and denies in part** Defendant's Motion to Compel Discovery [filed June 29, 2011; docket #52] as set forth herein.

Dated at Denver, Colorado, this 27th day of July, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge